IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Elaine Hamilton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 25 C 14677 |
| | ) | |
| | ) | |
| Frito-Lay, Inc., PepsiCo, Inc., | ) | |
| and Teamsters Local Union | ) | |
| No. 734, | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

Plaintiff Elaine Hamilton worked for defendant Frito-Lay,
Inc., a wholly owned subsidiary of defendant PepsiCo, Inc.
(collectively, "Pepsi"), as a member of defendant Teamsters Local
Union No. 734 (the "Union"). Pepsi fired Hamilton, and she alleges
that the Union failed to adequately represent her in the aftermath.
She filed suit under her collective bargaining agreement, Title
VII, the Age Discrimination in Employment Act, and 42 U.S.C. §
1981. Before me is the Union's motion to dismiss. I grant that
motion.

**I.**

Hamilton is proceeding *pro se*, and I am mindful of my duty to read her complaint liberally. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). I treat the facts in the complaint, for present purposes, as true. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Hamilton worked in some capacity for Pepsi at its facility in Summit, Illinois, as a member of the Union. At some point, apparently around October 2023, Hamilton "spoke up about unfair treatment" at the facility, and management began to harass her. ECF 49 at 5. Hamilton announced that she was planning on filing an EEOC complaint, and management made remarks "regarding an intent to terminate [her] the next chance they got." *Id.* Management fired Hamilton on November 4, 2024. ECF 49 at 5. In the wake of her firing, the Union "failed to represent [Hamilton] fairly and investigate [her] grievances in a meaningful manner or seriously." *Id.* The Union "failed to produce, preserve, or review critical evidence" relating to Hamilton's termination and failed "to challenge inconsistent or shifting explanations provided" by Pepsi "for [her] discipline and termination." *Id.* The Union also failed to communicate with her about the grievance process or about contesting her firing generally. *Id.*

On September 3, 2025, Hamilton filed a charge with the Equal Employment Opportunity Commission.[1] Two days later, the EEOC dismissed her charge and issued a right to sue letter. The EEOC noted that Hamilton had had 300 days to file a charge and had missed that window by three days. Hamilton then filed this lawsuit, alleging that all three defendants had violated her rights under her collective bargaining agreement ("CBA"); Title VII, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and 42 U.S.C. § 1981.

Hamilton reached some sort of agreement with the corporate defendants, and I dismissed the charges against them pursuant to a stipulation. ECF 59. The Union has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hamilton has also moved, in what look like two identical filings, for leave to file a third amended complaint, although she has not attached the complaint or explained how she would amend her allegations.

---

[1] Hamilton originally filed her EEOC charge and right-to-sue letter as standalone docket entries. ECF 15 & 16. The Union has also attached them to its motion to dismiss. ECF 50-1 & 50-2. Given that Hamilton mentions the EEOC charge in her complaint, that Hamilton has provided both documents herself, and that an EEOC charge is a mandatory prerequisite to the majority of Hamilton's claims, I find that I may consider these documents without treating the Union's motion as one for summary judgment. *Williamson v. Curran*, 714 F.3d 432, 435–36 (7th Cir. 2013).

## II.

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Statutes of limitations are normally pled as an affirmative defense, and dismissal of claims as time-barred is appropriate only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (citations omitted). In other words, a plaintiff will only plead herself out of court if her facts make it plain that "relief is barred by the applicable statute of limitations." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

## III.

The Union argues that: (1) Hamilton's CBA, Title VII, and ADEA claims are time-barred; (2) she has failed to exhaust her

administrative remedies as to the Title VII and ADEA claims; and (3) she has simply failed to plead sufficient facts to support any of her claims. Hamilton does not respond squarely to any of these contentions but suggests, between her motion for leave to amend and an affidavit she filed after the Union's reply in support of its motion, that unspecified new facts will buoy her claims.

### A. Statutes of Limitations

While violation of a collective bargaining agreement would seem to sound in contract, a union's failure to adequately represent its members is treated for some purposes, like the statute of limitations, as an unfair labor practice governed by the National Labor Relations Act, 29 U.S.C. § 151 *et seq. DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983) ("The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act."). The Union asserts that the six-month time limit set out in Section 10 of the NLRA provides the applicable statute of limitations for Hamilton's purported claim under the CBA. 29 U.S.C. § 160(b).

I agree with the Union, and Hamilton has in any case not responded to this argument. Where an employee presents a "hybrid" claim, as Hamilton originally did here, in which she argues that both her employer and her union have violated the CBA, the Supreme

Court has found that the time limit in Section 10 applies. *DelCostello*, 462 U.S. at 163–65. Hamilton has dropped her employer from the suit, though, so this is no longer a hybrid claim. Nevertheless, the Seventh Circuit has borrowed Section 10's time limit in CBA disputes between unions and members when the parties have suggested it. *Freeman v. Loc. Union No. 135, Chauffeurs, Teamsters, Warehouseman & Helpers*, 746 F.2d 1316, 1318–19 (7th Cir. 1984). The Eighth Circuit has done the same. *Skyberg v. United Food and Commercial Workers Int'l Union*, 5 F.3d 297, 301 (8th Cir. 1993). And the Ninth Circuit has affirmatively held that a fair representation suit against a union without any corresponding suit against the employer is subject to the six-month limit. *Kalombo v. Hughes Market, Inc.*, 886 F.2d 258 (9th Cir. 1989). As such, I find that Section 10 creates a six-month statute of limitations as to Hamilton's CBA claim. *Accord Pulliam v. United Auto Workers*, 354 F. Supp. 2d 868, 871–72 (W.D. Wis. 2005).

An employee's CBA claim accrues, and the statute of limitations begins to run, "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged" violation. *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999). Hamilton was fired on November 4, 2024, and she asked her union representative to file a grievance the same day. ECF 58-2. Hamilton has not pled facts

6

about what happened next, but the Union argues, and Hamilton has not disputed, that Hamilton would have been aware that the Union was no longer pursuing her grievances by December 2024 at the latest.[2] This means that, to meet the time limit set out in Section 10 of the NLRA, Hamilton would have had to file her suit by June 2025. She did not do so until December 2025, which means her claim is time-barred.

### B. Administrative Exhaustion

Next, the Union asserts that, because Hamilton's Title VII and ADEA charges with the EEOC were also time-barred, Hamilton failed to exhaust her administrative remedies. And, because the charges will remain forever time-barred, Hamilton will never be able to exhaust them. Finally, the Union argues that Hamilton failed to preserve her complaints against the Union in her EEOC charge.

Before suing under Title VII, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC and receiving a right to sue letter. *Chaidez v. Ford Motor Co.*, 937

---

[2] In its motion to dismiss, the Union asserts that Hamilton filed eight grievances on November 5, 2024, that Pepsi denied them on November 15, and that Hamilton did not then direct the Union to pursue them further. ECF 50 at 4–5. Regardless, neither party has asserted that anything went on between Hamilton and the Union later than November 2024.

F.3d 998, 1004 (7th Cir. 2019). The same is true under the ADEA. *Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004). The charge must "be filed within 300 days of an unlawful employment practice." *Brown v. Chicago Transit Authority Pension Bd.*, 86 Fed. Appx. 196, 198 (7th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)(1)). After filing with the EEOC, a plaintiff may only include those claims in her complaint in federal court that were part of her original EEOC charge. *See McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996).

An EEOC charge need not encompass each fact that a plaintiff later alleges in her complaint to meet the exhaustion requirement. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). A majority of complainants at the EEOC are laypersons who complete their charges without the assistance of a lawyer, and courts should read their charges generously. *See Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1194-95 (7th Cir. 1992). As such, a plaintiff may sue on the claims that she makes out in her EEOC charge and those claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Geldon v. South Milwaukee School Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (citations omitted).

The Union's first argument, that Hamilton filed her charge with the EEOC untimely, is correct. On the line of the charge which

asked for the "[d]ate of the <u>most recent job action</u> you think was discriminatory," Hamilton wrote "11/04/2024." ECF 50-1 at 3 (emphasis in original). The 300th day after November 4, 2024, was August 31, 2025. But Hamilton did not file her charge until September 3, 2025. As the EEOC found, that was too late. ECF 50-2 at 3.

Now, it is true that I can apply "equitable doctrines such as tolling or estoppel" to extend the 300-day limit, but Hamilton has raised neither doctrine. *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 708 (7th Cir. 2002). She has, however, suggested that an amended complaint might change these facts—how exactly is unclear—which will play into my decision to dismiss with prejudice or not. ECF 61 at 1 ("Plaintiff is in communication with the [EEOC District Director]...Plaintiff is currently waiting for the E.E.O.C. to review and issue the correct 'Right to Sue' Document.").

The Union's second argument is half right. The Union contends that Hamilton's EEOC charge only named the corporate defendants, not the Union, and that the facts as laid out in the charge cannot support claims of sex or age discrimination under Title VII and the ADEA. The latter proposition succeeds.

Hamilton named the Union in her charge. She seems to have neglected to check the box titled "Union" in the "Who do you think discriminated against you?" section of the charge, but she typed

in "And union" in the section below. ECF 50-1 at 3. And she included plenty of facts about the Union: "As a union member [Pepsi] violated my rights and I not only want to get justice from [Pepsi], but from the [U]nion as well for them not even doing their part in protecting my job." *Id.* Under the broad reading the court extends to *pro se* litigants in the context of EEOC charges, this is sufficient.

But the Union is correct that the description of discrimination in Hamilton's EEOC complaint is not. In order to support a suit under Title VII or the ADEA, the charge would need to allege that the Union discriminated against Hamilton because of her sex or her age. *Geldon*, 414 F.3d at 819. But in the "Why you think you were discriminated against?" section of the charge, Hamilton checked only the box for "Retaliation" and did not check "Sex" or "Age." ECF 50-1 at 3. Likewise, neither her sex nor her age appear at all in the facts section of the charge, whose only thesis was that Hamilton "was continuously retaliated against." *Id.* Neither sex nor age discrimination claims could be said to be "like or reasonably related to the allegations of the charge," meaning that Hamilton has not exhausted her remedies as to those claims. *Geldon*, 414 F.3d at 819.

### C. Failure to Include Elements of the Claims

There are specific elements which a plaintiff must make out in order to sufficiently plead a claim under Title VII, the ADEA, and Section 1981. One element of each claim is discrimination—by reason of sex for Title VII, age for the ADEA, and race for Section 1981. The Union argues, again correctly, that Hamilton has failed to state a claim under any of these statutes because she has failed to plead any facts about discrimination on any of these lines. Hamilton's complaint does not mention her sex, age, or race, or in any way connect the Union's treatment of her to her sex, age, or race.[3] As such, she has, irrespective of her administrative exhaustion, failed to state a claim under those three statutes.

### IV.

For the reasons above, I grant the Union's motion and dismiss the second amended complaint. But I do so without prejudice. Hamilton has indicated that there may have been some sort of mix-up with the EEOC and that the agency is on the cusp of issuing her a new, corrected right-to-sue letter which may remedy some of the problems above. I am willing to entertain that possibility. But I recommend that Hamilton read the above opinion carefully and take

---

[3] Indeed, I am in the dark regarding Hamilton's race and age, and I refer to her as "she" only because persons calling themselves Elaine generally use that pronoun.

11

note that: (1) the 300-day window is a problem, and if whatever is now pending with the EEOC does not fix that problem, she will need to articulate an argument about tolling or equitable estoppel; (2) the scope of her claims in this court is limited to pretty much what she puts in the EEOC charge, so if that charge does not contain facts about the Union's discrimination against her on the basis of race or sex or age, then her federal claims will fail; and (3) a plaintiff who wishes to make out a claim of discrimination should be explicit, in her complaint, about the racial, sexual, or age-based nature of that discrimination.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge
Dated: August 7, 2026

12